**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

RENE CHATMAN, as Representative
of the Estate of LAMONT GULLEY,

        Plaintiff,                    CASE NO.: 1:19-cv-00065
                                                HON. JANET T. NEFF

v.

THE CITY OF KENTWOOD,
PARTICULARLY THE KENTWOOD
CITY POLICE DEPARTMENT and
KENTWOOD CITY POLICE OFFICER
DARRIN CLINE, individually,

        Defendants.
_____

| | |
|---|---|
| JONATHAN R. MARKO  (P72450) | AUDREY J. FORBUSH  (P41744) |
| ALI WEHBY CHARARA  (P77682) | **PLUNKETT COONEY** |
| **ERNST & MARKO LAW, PLC** | Attorney for Defendants |
| Attorneys for Plaintiff | Plaza One Financial Center |
| 645 Griswold Street – Suite 4100 | 111 E. Court Street – Suite 1B |
| Detroit, MI  48226 | Flint, MI  48502 |
| (313) 965-5555 | (810) 342-7014 |
| (313) 965-5556 – fax | (810) 232-3159 – fax |
| jon@ernstmarkolaw.com | aforbush@plunkettcooney.com |
| ali@ernstmarkolaw.com | |
| | BRETT T. MEYER  (P75711) |
| | **PLUNKETT COONEY** |
| | Co-Counsel for Defendants |
| | Bridgewater Place |
| | 333 Bridge Street, N.W. – Suite 530 |
| | Grand Rapids, MI  49504 |
| | (616) 752-4605 |
| | (616) 752-4607 – fax |
| | bmeyer@plunkettcooney.com |

**JOINT STATUS REPORT**

      A Rule 16 Scheduling Conference is scheduled for March 12, 2019 at 2:30 p.m., before Honorable Janet T. Neff.  Appearing for the parties as counsel will be:

>Ali Wehby Charara (P77682)
>Ernst & Marko Law, PLC
>Attorneys for Plaintiff
>645 Griswold Street – Suite 4100
>Detroit, MI 48226
>(313) 965-5555
>
>Brett T. Meyer (P75711)
>Plunkett Cooney
>Attorneys for Defendants
>333 Bridge Street NW – Suite 530
>Grand Rapids, MI 49504
>(616) 752-4605

1. **Jurisdiction:** The basis for the Court's jurisdiction is Federal Question pursuant to 28 U.S.C. § 1331.  There is no objection to jurisdiction.

2. **Jury or Non-Jury:** This case is to be tried before a jury.

3. **Judicial Availability:** The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of a final judgment.

4. **Statement of the Case:**

**Plaintiff's Position:** Plaintiff brings a claim under 42 USC 1983 for violation of her decedent's 4th and 14th amendment rights. Specifically, Plaintiff claims that Defendant Cline exercised unreasonable and excessive force in executing Plaintiff's decedent when he was already subdued, being tased, and not posing any immediate threat to any of the surrounding officers.

Plaintiff also brings a *Monell* claim under 42 USC 1983 against the City of Kentwood pursuant to *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978). Plaintiff claims that Defendant City of Kentwood had a policy or custom of failing to train, supervise, and/or discipline its employees and that failure to train caused the constitutional violation.

**Defendants' Position:** On the evening of April 8, 2016, Plaintiff's decedent, Lamont Gulley, stabbed Casey Kemper to death in her Kentwood, Michigan apartment.  Mr. Gulley then fled the scene, armed with a knife.  Officers with the Kentwood Police Department, including Defendant Darrin Cline, pursued Mr. Gulley in icy, snowy conditions.

Mr. Gulley ignored repeated police commands to stop and refused to drop his weapon.  He represented that he was carrying a gun and threatened to shoot officers.  Attempts to subdue Mr. Gulley with a taser were ineffective.

Eventually, Mr. Gulley's flight led him onto Breton Avenue. Mr. Gulley continued to ignore officers' commands to relinquish his weapon. Another taser was deployed, but was ineffective in subduing Mr. Gulley, as evidenced by the fact that he repeatedly attempted to stab a police dog deployed by an officer with the Grand Rapids Police Department.

While the canine handler was in close proximity to Plaintiff's decedent and imperiled by Mr. Gulley's continued use of his knife, Officer Cline fired two shots which fatally wounded Mr. Gulley. Plaintiff's estate subsequently instituted this action alleging two causes of action pursuant to 42 U.S.C. § 1983: (1) that Officer Cline utilized excessive force in violation of the Fourth and Fourteenth Amendments; and (2) that the City of Kentwood is liable for a constitutional violation for failing to adequately train, supervise and/or discipline its employees.

The primary issues in this case relate to the reasonableness of Officer Cline's actions in light of the threat posed to officers and others by Mr. Gulley. Defendants contend that the evidence in this case will demonstrate that Officer Cline is entitled to qualified immunity because his actions were objectively reasonable and did not violate the constitutional rights of Plaintiff's decedent. Further Officer Cline is entitled to qualified immunity because any alleged violation did not involve a clearly established constitutional right at the time of this occurrence. Additionally, Defendants contend that there is no legal or factual basis for Plaintiff's claim against the City of Kentwood pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny.

5. **Prospects of Settlement:** The parties have yet to engage in settlement discussions. The parties anticipate that the opportunity to complete meaningful discovery will be necessary to clarify their positions regarding settlement.

6. **Pendent State Claims:** This case does not include pendent state claims.

7. **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **May 20, 2019**.

8. **Disclosures and Exchanges:**

(a) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

> The Plaintiff agrees to provide her Rule 26(a)(1) disclosures, including known lay witnesses by **April 12, 2019.**

> The Defendants agree to provide their Rule 26(a)(1) disclosures, including known lay witnesses by **May 13, 2019**.

(b) The Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by **May 31, 2019.** Defendants expect to be able to furnish the names of Defendants' expert witnesses by **June 30, 2019**.

(c)  It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2).  Reports, if applicable, should be exchanged according to the following schedule:

>Plaintiff:  **July 31, 2019**.

>Defendants:  **August 31, 2019**.

(d)  The parties are unable to agree on voluntary production at this time.

9.  **Discovery:**  The parties believe that all discovery proceedings can be completed by **October 31, 2019.**  The parties recommend the following discovery plan:

(a)  The subjects on which discovery may be needed include liability, damages and affirmative defenses, as well as all other issues not currently contemplated and all other issues that may arise during the course of discovery.

(b)  The parties do not believe that staged discovery is necessary in this case.

(c)  The parties agree that presumptive limitations on discovery should apply.

(d)  The parties do not believe that the presumptive time limits for depositions need to be modified at this time.

10.  **Disclosure or Discovery of Electronically Stored Information**:   The parties do not currently foresee any issues or conflicts relating to the disclosure or discovery of electronically stored information, if any, given the factual and legal issues presented by this case.

11.  **Assertion of Claims of Privilege or Work-Product Immunity After Production**: The parties propose using the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B).

12.  **Motions:**  The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed.

The parties acknowledge that W.D. Mich. L.Civ.R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

>Plaintiff does not anticipate filing any dispositive motions at this time.

>Defendants anticipate filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

The parties anticipate that all pre-motion conference requests will be filed by **November 30, 2019**.

13. **Alternative Dispute Resolution:**  The parties recommend that this matter not be submitted for alternative dispute resolution at this time.  The parties would be willing to discuss the potential utility of engaging in non-binding voluntary facilitative mediation following the completion of meaningful discovery.

14. **Length of Trial:**  5-7 days total allocated as follows: 4-5 days for Plaintiff's case, 1-2 days for Defendants' case.

15. **Electronic Document Filing System**:  Counsel are cognizant that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule, and counsel agree to abide by the requirements of this rule.

16. **Other**:  No additional matters are contemplated at this time.

Dated:  March 5, 2019                    ERNST & MARKO LAW, PLC


                                         By   /s/Ali Wehby Charara (with permission)
                                              Ali Wehby Charara (P77682)
                                              Attorney for Plaintiff

Dated:  March 5, 2019                    PLUNKETT COONEY


                                         By:  /s/Brett T. Meyer
                                              Brett T. Meyer  (P75711)
                                              Attorney for Defendants

Open.00560.90519.21731792-1

5